## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| C & F INTERNATIONAL, INC. F/K/A | § | CIVIL ACTION NO. 4:14-cv-833 |
| COUTINHO & FERROSTAAL INC. | § | |
| | § | |
| **Plaintiff** | § | |
| V. | § | **(Pursuant to Rule 9(h) of the** |
| | § | **Federal Rules of Civil Procedure)** |
| | § | |
| M/V OCEAN VOYAGER, her engines, boilers, | § | |
| tackle, etc., *in rem*, SANGRIA PIONEER | § | |
| THREE, S.A. and WESTERN BULK | § | |
| CARRIERS AS, *in personam* | § | |
| | § | |
| **Defendants** | § | **IN ADMIRALTY** |

## COMPLAINT

Now comes Plaintiff, C & F INTERNATIONAL, INC. f/k/a COUTINHO & FERROSTAAL INCORPORATED (hereinafter referred to as "Plaintiff"), who files this Complaint against Defendants, M/V OCEAN VOYAGER, her engines, boilers, tackle, etc., *in rem*, and SANGRIA PIONEER THREE, S.A. ("Sangria") and WESTERN BULK CARRIERS AS, *in personam*, and for causes of action which respectfully will be proven by a preponderance of credible evidence:

1.      This action is against the M/V OCEAN VOYAGER, the vessel owner, and the ocean carrier(s) for loss and damage to maritime cargo arising from tort, bailment and/or breach of contract.  Accordingly, this Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).  The Court has supplemental jurisdiction of Plaintiff's claims against Defendants under 28 U.S.C. §1367 because they are so related to the other claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Plaintiff C & F INTERNATIONAL, INC. f/k/a COUTINHO & FERROSTAAL is a Delaware corporation with its principal place of business in the State of Texas which, at all material times, owned the cargo.

3.      At all times material and on information and belief, the M/V OCEAN VOYAGER was an oceangoing vessel bearing International Maritime Organization (IMO) No. 9659191, weighing approximately 24020 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States, including, without limitation, the Port of Houston, Texas.

4.      At all times material, SANGRIA owned, chartered, managed and/or operated the M/V OCEAN VOYAGER as a common carrier of goods by water for hire between various ports, including the Ports of Turkey, Gemlik/Bursa and Houston, Texas.  SANGRIA is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & remedies Code.  SANGRIA is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although SANGRIA may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and SANGRIA has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over SANGRIA is consistent with the Constitutions and

other laws of the United States and Texas. Accordingly, serving SANGRIA with a summons is effective to establish personal jurisdiction over it.  SANGRIA can be served by serving the Texas Secretary of State. Process or notice can be sent to SANGRIA at its home office in care of MC SHIPPING LTD., 32 Floor, Marunouchi Park Building, 6-1, Marunouchi 2-chomc, Chiyoda-ku, Tokyo-to, 100-6932, Japan.

5.      At all times material, WESTERN BULK CARRIERS AS owned, chartered, managed and/or operated the M/V OCEAN VOYAGER as a common carrier of goods by water for hire between various ports, including the Ports of Gemlick/Bursa, Turkey and Houston, Texas. WESTERN BULK CARRIERS AS is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & remedies Code.  WESTERN BULK CARRIERS AS is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although WESTERN BULK CARRIERS AS may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and WESTERN BULK CARRIERS AS has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over WESTERN BULK CARRIERS AS is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving WESTERN BULK CARRIERS AS with a summons is effective to establish personal

jurisdiction over it.  WESTERN BULK CARRIERS AS can be served by serving the Texas Secretary of State. Process or notice can be sent to WESTERN BULK CARRIERS AS at its home office located at Henrik Ibsensgt. 100, PO Box 2868, Solli, Oslo, Norway 0230

6.     On or about February 26, 2013, Plaintiff's  shipper(s) tendered in good order and condition to Defendants at Gemlik/Bursa, Turkey, a cargo of ERW steel pipes.  Defendants agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition and, accordingly, therewith, issued various bills of lading, including, but not limited to, Bills of Lading WBCP00068839, 40, 41, and 42, free of exceptions or other notations for loss or damage

7.     Thereafter, on or about April 3, 2013, the M/V OCEAN VOYAGER arrived at Houston, Texas where Defendants discharged and later delivered the cargo, not in the same good order and condition as when shipped but, on the contrary, part of the cargo was dented, bent, nicked gouged, smashed, crushed, out of round, compressed, wet, damp, contaminated, rusty, corroded, stained and otherwise physically damaged.  The damages and losses proximately resulted from the Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V OCEAN VOYAGER.

8.     Plaintiff proximately has sustained damages in the amount of approximately **$19,988.03**, plus interest dating from February 26, 2013, demand for which has been made upon Defendants but which they refuse to pay.

9.     At all times material, Plaintiff owned the cargo and/or brings this claim for itself and/or as agent or trustee for all persons or entities, including any insurer(s), that are or may

become interested in the cargo.

WHEREFORE, Plaintiff prays that process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V OCEAN VOYAGER, its engines, boilers, tackle, etc.; that all persons claiming an interest therein be required to appear and answer, under oath, all and singular, the matters aforesaid; that the *in personam* Defendants, SANGRIA PIONEER THREE, S.A. and WESTERN BULK CARRIERS AS, be cited to appear and answer, under oath, all and singular, the matters aforesaid; that Plaintiff have judgment for its damages, interest and costs; that the M/V OCEAN VOYAGER be condemned and sold to satisfy the damages aforesaid; and, this Honorable Court adjudge that Defendants, the M/V OCEAN VOYAGER,  *in rem*, and  SANGRIA PIONEER THREE S.A. and WESTERN BULK CARRIERS AS, *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre-judgment interest, post-judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,


*/s/ W. Sean O'Neil, Esq.*
**W. Sean O'Neil**
TBA No. 24033807
SDTX No. 24835
1880 S. Dairy Ashford St., Suite 208
Houston, Texas  77077
Telephone:     (281) 496-0193
Telefax:        (281) 496-0680
**ATTORNEY FOR PLAINTIFF**